FILED IN THE
US BANKRUPTCY COURT
DISTRICT OF WYOMING

**IN THE UNITED STATES BANKRUPTCY COURT**

2009 JAN 29 PM 1: 10

**FOR THE DISTRICT OF WYOMING**

TIM J. ELLIS, CLERK

BY‗‗‗‗‗‗‗
DEPUTY CLERK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 04-22389** |
| **EDWARD L. PRESLEY,** | ) | |
| | ) | |
| 1842 Sugarland Dr. #108-210 | ) | |
| Sheridan, Wyoming 82801 | ) | |
| 307-752-5731   425-663-6454 (Fax) | ) | **Chapter 11** |
| epresley@newenergycollc.com | ) | |
| SSN: ........9803 | ) | |
| | ) | |
| **Debtor.** | ) | |
| ——————————————— | ) | |
| | ) | |
| **APPLIED CAPITAL, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Adv. No. 05-2084** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EDWARD L. PRESLEY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE/OBJECTION TO THE APPLIED CAPITAL, INC
MOTION FOR SUMMARY JUDGMENT**

TO:   **Honorable Peter J. McNiff**
      **United States Bankruptcy Judge**

COMES NOW the Debtor/Defendant, *Pro se*, and hereby Responds/Objects to the

Applied Capital, Inc., Motion for Summary Judgment for the following reasons:

## BACKGROUND

Plaintiff in December 2005 filed a Motion for Relief of Stay to move the Adversarial

Proceedings in this matter to the US District Court in New Mexico to join Debtor/Defendant in

an on going proceeding in that court rather than continue in the Adversarial Proceedings (Case

No. 04-2084) in this Court. Debtor/Defendant filed an Objection to Plaintiff's Motion for Relief, a hearing was held by this Court on May 04, 2006 and over the Debtor/Defendant objections Plaintiff was granted (with conditions) its Motion for Relief of Stay to proceed in the New Mexico US District Court against Debtor/Defendant. On December 30, 2008 Plaintiff filed a Motion for Summary Judgment in this Court asking it to enter a fixed amount Summary Judgment of non-dischargeability against Debtor/Defendant based on the Findings and Order of the New Mexico US District Court.

## I.
### Plaintiff's Motion has been filed in a case
### that has been dismissed and closed by this Court

1. Debtor/Defendant first responds or objects to Plaintiff's Motion being filed in a matter that has been dismissed and no business before the Court is pending. On September 18, 2006, the Trustee filed a Motion to Dismiss (Doc #90) in this matter. (See Exhibit-A attached herewith). On November 17, 2006 this Court ruled on the Trustee's Motion to Dismiss, dismissing this matter by an Order of the Court (Doc #99). (See Exhibit-B attached herewith). The PACER History document discloses that on 11/28/2006 this Bankruptcy Case was closed as a matter of court internal record and that on 01/23/2007 as a matter of court internal record this Adversary Case was also closed. (See Exhibit-C attached herewith). Debtor/Defendant does not understand how Plaintiff's Motion can be filed in a matter that has been dismissed and closed by this Court and requests that this Court deny Plaintiff's Motion for Summary Judgment.

. . . . .

. . . . .

. . . . .

## II.
### Debtor/Defendant did not waive any rights or make any admissions as to allegations raised in the New Mexico Court

2. Plaintiff, in his Brief in Support of Summary Judgment, in the Conclusion states in part as follows; *Debtor has admitted that he defrauded ACI and that his debt with ACI is the type that may be deemed nondischargeable.* Debtor/Defendant has never made any such admissions and hereby still denies Plaintiff's allegations and the merits thereof lodged in the New Mexico Court even though that Court was left to deal with a finding based on **uncontroverted and unchallenged allegations** due to Debtor/Defendant's inability to defend himself for lack of funds.

## III.
### Debtor/Defendant timely raised issues as to what injustice would come forth by the New Mexico proceedings

3. Plaintiff filed a Motion for Relief of Stay in December 2005 (Doc #44, Case No. 04-22389) and Debtor/Defendant then filed an Objection to Plaintiff's Motion (Doc #72, Case No. 04-22389). (See Exhibit-D attached herewith).

4. Debtor/Defendant in his Objection raised the seminal issue which states in part as follows:

> "Respondent respectfully objects to being taken into a court that is over a thousand miles from his home, to fight a battle that he may not be able to win because he is at a disadvantage up against a well financed legal machine barring him from a remedy at law and then being tagged with a judgment that could prejudice this Court in the final analysis of dischargeability." (See Exhibit-D, Doc #72, Item-7, Par-2, Pg-5)

> "Movant argues that the *resulting hardship, expense, and delays to ACI greatly outweigh **whatever alleged harm** Debtor will sustain should it become necessary to defend the claims of ACI in the New Mexico case rather than in the Adversary No. 05-02084. Movant Motion at Pg-11, Par-34.* (Emphasis added). Respondent has demonstrated herein that the aforementioned statement does not hold and the greater harm would be to Respondent by a long measure to the extent he may not ever be able to recover from. Respondent vehemently denies any fraud perpetrated by him, there have been no findings of same in this Court and Respondent wants his day in court, and that it be in this Court. Movant's

3

arguments for request for relief from stay are nothing more than an attempt to put Respondent at a disadvantage and should be denied." (See Exhibit-D, Doc #72, CONCLUSION at Pg-5-6).

5. The very injustice raised by Debtor/Defendant hereinabove did indeed happen. Debtor/Defendant did not have funds to mount a defense in the New Mexico Court and that Court rendered a finding that was based on **uncontroverted and unchallenged allegations.**

6. Moreover as was evidenced by the US Trustee in its Motion to Dismiss that Debtor/Defendant was without funds and could not comply with the rules of the chapter 11 proceedings for lack of payments which states in part as follows:

> "7. [T]he Debtor is delinquent in payment of his quarterly fees for the first and second quarters of 2006... ...The debtor's inability to pay his quarterly fees further evidences his inability to reorganize.  8. Based on the above, this case should be dismissed..." (See Exhibit-A, Doc #90, Item 7-8, Pg-2).

7. This Court soon after the US Trustee filed its Motion to Dismiss held a hearing on the matters and issued an Order on November 17, 2006 granting the US Trustee's Motion wherein the Court in its finding agreed with the US Trustee stating; *The Debtor has very large debts, but few unencumbered assets, and no ability to pay the debts or reorganize.* (See Exhibit-B, Doc #99, Par-1, Pg-2).

8. It is very clear by the US Trustee's Motion and the Court's Order in late 2006 that Debtor/Defendant's financial situation had not changed and he was still destitute and his Bankruptcy case was dismissed.  Debtor/Defendant never did have sufficient funds to mount any kind of a defense in the New Mexico Court and Plaintiff's strategy to get a finding and judgment based on **uncontroverted and unchallenged allegations** worked very well in their favor.

9. If Plaintiff's Motion for Summary is granted without there being a proper defense and challenge afforded Debtor/Defendant, that will be tantamount to making the entire

4

Bankruptcy Act null and void availing no protection at all to the Debtor/Defendant.  To the

point, Plaintiff gets an upper advantaged Order against Debtor/Defendant by and through a

structured way of preventing Debtor/Defendant to afford a defense and then bring that Order

back and try to drive that Order down the throat of this Court, hamstringing this Court and

leaving Debtor/Defendant with no remedy at law for lack of funds for a defense.

## IV.

### This Court did avail protection to Debtor/Defendant in its Order granting Relief of Stay to Plaintiff

**10.** Debtor/Defendant did raise all the above issues in the non-evidentiary hearing before this

Court back in May of 2006.  (See Exhibit-E, Docs #79 & 80).   This Court took that into

consideration and stated in its Minutes of Proceedings that; *Presumably when NM litigation*

*completes, Parties could return to this Court to determine dischargeability.*  (Exhibit-E, Doc

#79 Ruling Section).

**11.** In its Order on Plaintiff's Motion for Relief of Stay, this Court stated in part as follows:

> "...**provided, however,** that Movant, Applied Capital, Inc, shall not take
> any action in that forum to enforce any judgment that may be entered
> against Debtor on the verified complaint or to otherwise enforce any
> judgment against or property of the estate without a final decision of the
> Court **on the merits of the complaint of Movant**, Applied Capital, Inc.,
> in Adversary No. 05-2084, or as the Court may otherwise order in this
> case;...(See Exhibit-F, Doc #84, Pg 5&6)  (First emphasis in original,
> Second emphasis supplied).

## CONCLUSION

Debtor/Defendant has shown herein that Plaintiff did get an unfair advantaged Order

from another court due to the fact that Debtor/Defendant could not mount a defense against the

allegations in Plaintiff's New Mexico litigation.  Had Debtor/Defendant been able to put on

certain witnesses to refute Plaintiff's allegations and prevail there upon, Plaintiff would not be

entitled to any punitive damages (which may be an **undue** piling on) and is the largest portion of Plaintiff's judgment.

Debtor/Defendant has a right to challenge his accuser and the allegation in a proper forum and not be railroaded from equitable justice because he can not afford to mount a defense that is over a 1000 miles away from his home. This type of structuring in litigation strips Debtor/Defendant of a remedy at law because he has no money, not because he lost on the merits. This Court has the jurisdiction to remedy such a situation and see to it that Debtor/Defendant's rights are protected and properly adjudicate this matter in this Court allowing Debtor/Defendant to mount a proper defense against those allegations to determine the dischargeability of his debt.

**WHEREFORE,** Plaintiff's Motion for Summary Judgment should be denied and Debtor/Defendant asks that this Court protect his rights and/or in the alternative establishes a proceeding wherein he can defend himself on these issues before this Court renders a ruling on dischargeability of Plaintiff's claim.

Dated this _____ day January, 2009

Respectfully submitted,

_____
Edward L. Presley, Pro Se
Debtor/Defendant

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _28th_ day of January, 2009, I served the

**RESPONSE/OBJECTION TO THE APPLIED CAPITAL, INC MOTION FOR**

**SUMMARY JUDGMENT** upon Movant Applied Capital, Inc. by depositing a true and correct

copy of the same in the United States Mail, postage prepaid, and addressed to:

**Counsel for Applied Capital, Inc:**

> **Tim Stubson or Eric K. Nelson**
> **Brown, Drew & Massey, LLP**
> **159 North Wolcott Street, Ste 200**
> **Casper, Wyoming 82601**

Edward L. Presley, *Pro Se*

7

**<u>EXHIBIT-A</u>**

CHARLIE McVAY
UNITED STATES TRUSTEE
REGION 19

MICHELE R. HANKINS
ASSISTANT U.S. TRUSTEE
308 West 21st Street, Room 203
Cheyenne, Wyoming 82001
307-772-2790

#90

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In Re:                         )
                               )
        Edward L. Presley,     )    Case No. 04-22389
                               )    Chapter 11
        Debtor.                )

**UNITED STATES TRUSTEE'S MOTION
TO DISMISS OR CONVERT CASE**

The United States Trustee ("UST"), in support of his Motion to Dismiss or Convert the above captioned case, states as follows:

1.   This case was filed as a voluntary chapter 11 proceeding on December 13, 2004, almost two years ago.

2.   Edward Presley, the debtor herein, is the operating manager and principal of New Energy Co., LLC, ("New Energy"), which filed for protection under Chapter 11 on December 20, 2004, case number 04-22426.

3.   Mr. Presley stated at his 11 U.S.C. § 341 Meeting of

Creditors that his ability to reorganize depended on New Energy's ability to sell its assets.

4.  Despite numerous requests for extensions of time, New Energy was not able to consummate the sale of its assets and the Court dismissed that case by order dated September 12, 2006.

5.  As of this date, the debtor has not filed a plan and disclosure statement.

6.  The debtor has failed to file his monthly operating reports for the months of July and August of 2006.

7.  The debtor is delinquent in the payment of his quarterly fees for the first and second quarters of 2006 in the amount of $500.00; furthermore, the debtor will owe an additional $250.00 as of October 1, 2006, for the third quarter of 2006. The debtor's inability to pay his quarterly fees further evidences his inability to reorganize.

8.  Based on the above, this case should be dismissed pursuant to 11 U.S.C. § 1112(b)(1) (continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation); 1112(b)(2) (inability to effectuate a plan); 1112(b)(3) (unreasonable delay by the debtor that is prejudicial to creditors); and 1112(b)(10) (nonpayment of any fees required under 28 U.S.C. § 1930(6)).

WHEREFORE, the United States Trustee prays this Honorable Court to either dismiss or convert this case, whichever is in the best

-2-

interest of the estate and its creditors.

Dated: September 18, 2006

Respectfully submitted,

CHARLES McVAY
United States Trustee
Region 19

BY: _____
Michele R. Hankins
Assistant U.S. Trustee

Certificate of Mailing

I, Georgia A. George, certify that on September 18, 2006, a true and correct copy of the above and the proposed order thereon, were served upon the following via U.S. mail, postage prepaid:

Edward L. Presley
660 Fort Road
Sheridan, WY 82801

_____/S/_____
Georgia A. George
Office of U.S. Trustee

-3-

**<u>EXHIBIT-B</u>**

FILED

2:48 pm, 11/17/08

Joyce W. Harris
Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

In re                                    )
                                         )
        EDWARD L. PRESLEY,               )      Case No. 04-22389
                                         )         Chapter 11
                Debtor.                  )

## ORDER DISMISSING CASE

On November 9, 2006, the court held a hearing on the United States Trustee's Motion to Dismiss or Convert this chapter 11 case. At the hearing and on request of the Debtor, Edward L. Presley, the court took the motion under advisement for an additional week in order that the sale of assets in a related chapter 11 case, New Energy, Co, LLC, could be completed.

The court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 & 1334(a). The case is governed by the Bankruptcy Code in effect prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act.

Nothing further has been filed in the case since the hearing. The court finds that this case was filed on December 13, 2004 and has been pending for two years. No action has been taken by the Debtor to achieve confirmation of a chapter 11 plan. No plan or disclosure statement has been filed, and the Debtor has no ongoing business. The Debtor's stated intention was to sell assets in the New Energy, Inc. chapter 11 case, pay all of the creditors, and to dismiss both cases voluntarily. A sale of the assets has not occurred, despite numerous extensions of time and vigorous efforts on the part of the Debtor and his creditors.

The Debtor's financial reports and his quarterly fee payments due under 28 U.S.C. §

1930 are delinquent.  The Debtor has very large debts, but few unencumbered assets, and no

ability to pay the debts or reorganize.  Delay is obvious.

IT IS THEREFORE ORDERED that this case is dismissed pursuant to 11 U.S.C. §

1112 (b)(1), (2), (3), (4), & (10).

DATED this _/ 7_ day of November, 2006.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

2

**<u>EXHIBIT-C</u>**

Case 05-02084    Doc 46    Filed 01/29/09    Entered 01/29/09 13:38:27    Desc Main
Document      Page 16 of 38

**04-22389** Edward L. Presley
**Case type: bk Chapter: 11 Asset: Yes Vol: v Judge:** Peter J. McNiff
**Date filed:** 12/13/2004
**Date terminated:** 11/28/2006 **Date of last filing:** 01/23/2007

# History

| Doc. No. | Dates | Description |
|---|---|---|
| -- | *Filed & Entered:*01/23/2007 | Close Adversary Case |
| -- | *Filed & Entered:*11/28/2006 | Close Bankruptcy Case |
| 100 | *Filed & Entered:*11/19/2006 | BNC Certificate of Mailing - PDF Document |
| 99 | *Filed & Entered:*11/17/2006 | Order on Motion to Dismiss Case |
| 98 | *Filed & Entered:*11/11/2006 | BNC Certificate of Mailing - PDF Document |
| 97 | *Filed & Entered:*11/09/2006 | Minutes of Proceedings (Order) |
| 96 | *Filed & Entered:*10/27/2006 | BNC Certificate of Mailing - PDF Document |
| 95 | *Filed & Entered:*10/25/2006 | Order Scheduling Hearing |
| 94 | *Filed & Entered:*10/24/2006 *Terminated:*    10/26/2006 | Motion to Continue/Reschedule Hearing |
| 93 | *Filed & Entered:*10/18/2006 | Witness List |
| 92 | *Filed & Entered:*09/22/2006 | BNC Certificate of Mailing - PDF Document |
| 91 | *Filed & Entered:*09/20/2006 | Order Scheduling Hearing |
| 90 | *Filed & Entered:*09/18/2006 *Terminated:*    11/17/2006 | Motion to Dismiss Case |
| 86 | *Filed & Entered:*07/12/2006 | Monthly Financial Report |
| 87 | *Filed & Entered:*07/12/2006 | Monthly Financial Report |
| 88 | *Filed & Entered:*07/12/2006 | Monthly Financial Report |
| 89 | *Filed & Entered:*07/12/2006 | Certificate of Service |
| 85 | *Filed & Entered:*05/24/2006 | BNC Certificate of Mailing - PDF Document |
| 84 | *Filed & Entered:*05/22/2006 | Order on Motion For Relief From Stay |
| 83 | *Filed:*    05/16/2006 *Entered:*    05/18/2006 | Objection to |
| 81 | *Filed & Entered:*05/09/2006 | Notice |
| 82 | *Filed & Entered:*05/09/2006 | Proposed Order |
| 79 | *Filed & Entered:*05/04/2006 | Minutes of Proceedings |
| 80 | *Filed & Entered:*05/04/2006 | Minutes of Proceedings |
| 78 | *Filed & Entered:*05/03/2006 | Monthly Financial Report |
| 77 | *Filed & Entered:*04/26/2006 | BNC Certificate of Mailing - PDF Document |
| 76 | *Filed & Entered:*04/24/2006 | Order Scheduling Hearing |

| Doc | Filed/Entered | Description |
|---|---|---|
| 75 | Filed & Entered:04/20/2006 | BNC Certificate of Mailing - PDF Document |
| 73 | Filed & Entered:04/18/2006 | Request For Hearing |
| 74 | Filed & Entered:04/18/2006 | Order Scheduling Hearing |
| 72 | Filed & Entered:04/14/2006 | Objection to |
| 71 | Filed & Entered:04/06/2006 | BNC Certificate of Mailing - PDF Document |
| 70 | Filed & Entered:04/04/2006 | Order on Motion to Extend Time |
| 69 | Filed & Entered:03/30/2006<br>Terminated: 04/04/2006 | Motion to Extend Time |
| 65 | Filed & Entered:03/27/2006 | Operating Report |
| 66 | Filed & Entered:03/27/2006 | Operating Report |
| 67 | Filed & Entered:03/27/2006 | Certificate of Service |
| 68 | Filed & Entered:03/27/2006 | Notice of Change of Address |
| -- | Filed & Entered:03/14/2006 | Update Objection/Response Deadline |
| 64 | Filed: 03/08/2006<br>Entered: 03/09/2006 | BNC Certificate of Mailing - PDF Document |
| 63 | Filed & Entered:03/06/2006 | Order on Motion to Extend Time |
| 62 | Filed & Entered:03/03/2006<br>Terminated: 03/06/2006 | Motion to Extend Time |
| 61 | Filed & Entered:03/01/2006 | Complaint |
| 60 | Filed: 02/24/2006<br>Entered: 02/25/2006 | BNC Certificate of Mailing - PDF Document |
| -- | Filed & Entered:02/22/2006 | Update Objection/Response Deadline |
| 59 | Filed & Entered:02/22/2006 | Order on Motion to Extend Time |
| 58 | Filed & Entered:02/17/2006<br>Terminated: 02/22/2006 | Motion to Extend Time |
| 57 | Filed: 02/01/2006<br>Entered: 02/02/2006 | BNC Certificate of Mailing - PDF Document |
| 56 | Filed & Entered:01/30/2006 | Order on Motion to Extend Time |
| 55 | Filed & Entered:01/25/2006<br>Terminated: 01/30/2006 | Motion to Extend Time |
| 53 | Filed & Entered:01/22/2006 | BNC Certificate of Mailing - PDF Document |
| 54 | Filed & Entered:01/22/2006 | BNC Certificate of Mailing - PDF Document |
| 51 | Filed & Entered:01/20/2006 | Order on Motion to Extend Time |
| 52 | Filed & Entered:01/20/2006 | Order on Motion to Extend Time |
| 49 | Filed & Entered:01/17/2006<br>Terminated: 01/20/2006 | Motion to Extend Time |
| 50 | Filed & Entered:01/17/2006<br>Terminated: 01/20/2006 | Motion to Extend Time |
| 48 | Filed & Entered:01/04/2006 | Notice Pursuant to LBR 4001-1 |



| 47 | Filed & Entered:12/31/2005 | BNC Certificate of Mailing - PDF Document |
|---|---|---|
| 46 | Filed & Entered:12/29/2005 | Order Regarding Compliance With Rules |
| 44 | Filed & Entered:12/28/2005<br>Terminated:    05/22/2006 | Motion for Relief From Stay |
| 45 | Filed & Entered:12/28/2005 | Automatic docket of credit card |
| -- | Filed & Entered:12/22/2005 | Receipt Number and Filing Fee |
| 43 | Filed & Entered:12/22/2005 | Complaint |
| 42 | Filed & Entered:11/20/2005 | BNC Certificate of Mailing - PDF Document |
| 41 | Filed & Entered:11/18/2005 | Order on Motion to Extend Time |
| 40 | Filed & Entered:11/17/2005<br>Terminated:    11/18/2005 | Motion to Extend Time |
| 37 | Filed & Entered:10/31/2005 | Monthly Financial Report |
| 38 | Filed & Entered:10/31/2005 | Monthly Financial Report |
| 39 | Filed & Entered:10/31/2005 | Monthly Financial Report |
| 36 | Filed & Entered:09/04/2005 | BNC Certificate of Mailing - PDF Document |
| 35 | Filed & Entered:09/02/2005 | Order on Motion to Extend Time |
| 34 | Filed & Entered:09/01/2005<br>Terminated:    09/02/2005 | Motion to Extend Time |
| 32 | Filed & Entered:07/21/2005 | Monthly Financial Report |
| 33 | Filed & Entered:07/21/2005 | Monthly Financial Report |
| 31 | Filed & Entered:06/09/2005 | BNC Certificate of Mailing - PDF Document |
| -- | Filed & Entered:06/07/2005 | Corrective Entry |
| 30 | Filed & Entered:06/07/2005 | Order on Motion to Extend Time |
| 29 | Filed & Entered:06/02/2005<br>Terminated:    06/07/2005 | Motion to Extend Time |
| 28 | Filed & Entered:05/19/2005 | Operating Report |
| 27 | Filed & Entered:03/02/2005 | BNC Certificate of Mailing - PDF Document |
| 26 | Filed & Entered:02/28/2005 | Order on Motion to Extend Time |
| 25 | Filed & Entered:02/25/2005<br>Terminated:    02/28/2005 | Motion to Extend Time |
| 23 | Filed & Entered:02/16/2005 | Notice |
| 24 | Filed & Entered:02/16/2005 | BNC Certificate of Mailing - PDF Document |
| 22 | Filed & Entered:02/14/2005 | Order (Generic) |
| 21 | Filed & Entered:02/11/2005 | Withdrawal |
| 20 | Filed & Entered:02/06/2005 | BNC Certificate of Mailing - PDF Document |
| 19 | Filed & Entered:02/04/2005 | Order on Motion to Appear pro hac vice |
| 17 | Filed & Entered:02/03/2005 | Notice of Appearance |
| 18 | Filed & Entered:02/03/2005<br>Terminated:    02/04/2005 | Motion to Appear pro hac vice |

| 16 | *Filed & Entered:*01/26/2005 | BNC Certificate of Mailing - PDF Document |
|---|---|---|
| 14 | *Filed & Entered:*01/24/2005 | Order on Application to Employ |
| 15 | *Filed & Entered:*01/24/2005 | Monthly Financial Report |
| 13 | *Filed & Entered:*01/18/2005 *Terminated:*    01/24/2005 | Application to Employ |
| 12 | *Filed & Entered:*01/14/2005 | Notice of Appearance |
| 10 | *Filed & Entered:*01/10/2005 | Notice of Appearance |
| 11 | *Filed & Entered:*01/10/2005 | Creditor Request for Notices |
| -- | *Filed & Entered:*01/06/2005 | 341 Meeting Concluded |
| 9 | *Filed & Entered:*01/06/2005 | Statement of No Creditor Committee |
| -- | *Filed & Entered:*01/04/2005 | Receipt Number and Filing Fee |
| 6 | *Filed & Entered:*12/29/2004 | Initial Financial Report |
| 7 | *Filed & Entered:*12/29/2004 | Notice of Change of Address |
| 8 | *Filed & Entered:*12/29/2004 | Declaration |
| 8 | *Filed & Entered:*12/29/2004 | Schedules A-J |
| 8 | *Filed & Entered:*12/29/2004 | Statement of Financial Affairs |
| 8 | *Filed & Entered:*12/29/2004 | Summary of Schedules |
| 5 | *Filed & Entered:*12/16/2004 | BNC Certificate of Mailing - Meeting of Creditors |
| 4 | *Filed & Entered:*12/15/2004 | BNC Certificate of Mailing |
| 3 | *Filed & Entered:*12/14/2004 | Meeting of Creditors Chapter 11 & 12 |
| -- | *Filed:*      12/13/2004 *Entered:*    06/03/2005 | Receipt Number and Filing Fee |
| 1 | *Filed & Entered:*12/13/2004 | Voluntary Petition (Chapter 11) |
| 2 | *Filed & Entered:*12/13/2004 | Social Security Number |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/26/2009 10:01:12 | | |
| **PACER Login:** | ▰▰▰▰ | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 04-22389 Type: History |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

# EXHIBIT-D

FILED IN THE
US BANKRUPTCY COURT
DISTRICT OF WYOMING

06 APR 14 AM 11: 15

JOYCE W. HARRIS, CLERK
BY_____
        DEPUTY CLERK

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                              )
                                    )        Case No. 04-22389
EDWARD L. PRESLEY,                  )
                                    )        #72
660 Fort Road                       )
Sheridan, Wyoming 82801             )
307-752-5731  425-663-6454 (Fax)    )        Chapter 11
epresley@newenergycolls.com         )
SSN: ........9803                   )
                                    )
        Debtor.                     )
_____)
                                    )
APPLIED CAPITAL, INC. a New         )
Mexico Corporation,                 )
                                    )
        Movant                      )
                                    )
    vs.                             )
                                    )
EDWARD L. PRESLEY                   )
                                    )
        Respondent.                 )

## OBJECTION TO MOTION OF APPLIED CAPITAL, INC FOR PERMISSIVE ABSTENTION AND FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR HEARING

TO:   Honorable Peter J. McNiff
      United States Bankruptcy Judge

      COMES NOW, EDWARD L. PRESLEY, Respondent, and objects to Movant's

requested relief and requests a hearing on the matter and that this Honorable Court deny

Movant's motion for the following reasons:

## BACKGROUND

Movant has filed a motion for relief from stay to take Debtor into a proceeding in the United States District Court in New Mexico and at the same time has filed an adversary proceeding in this court, Case No. 05-02084. Movant discloses in his motion that the complaint in the adversary proceeding in this Court is *"similar or identical to the allegations that ACI has made in the New Mexico case and arise out of the same common nucleus of facts"*. Movant Motion at Pg-4, Par-11. Respondent was granted by this court an extension of time to April 14th, 2006 to object to Movant's motion, this objection is timely filed.

## ARGUMENT

1.      Movant and Respondent have an agreement in principal that all of this litigation will go away, as it pertains to Respondent, when the assets are paid for by the Buyer in the sister matter, *In re. NEW Energy Co., LLC, Case No. 04-22426*. Moreover, Movant is in continued contact with counsel for Buyer on the progress of that funding and has supported Buyers efforts to obtain that funding because that sale is the only way any of the creditors will get paid.

2.      Movant has at its disposal a well financed legal machine to-wit Respondent does not and is at a disadvantage and it would be extremely burdensome to take on several cases at the same time, especially when the matter in New Mexico is over a thousand miles from Respondent's home base.

3.      Movant argues to this Court that he will be harmed if he can not litigate state law issues in another venue other than this Court. This argument fails by a full and fair reading of the very case law authority he cites to gain relief from stay. In addition thereto, Movant makes

2

the claim that if relief is not allowed there could be conflicting decisions arise in two separate courts thereby lending confusion to the determination of dischargeability of the Debtor.

4.    Movant's reliance on *Cohen v. De La Cruz, 523 U.S. 213 (1998)*, misses the mark because the case stated what the real issue was, which states in part; *[T]he issue in this case is whether §523(a)(2)(A)* __bars the discharge of treble damages__ *awarded on account of the debtor's fraudulent acquisition of "money, property, services, or ... credit," or whether the exception only encompasses the value of the "money, property, services, or ... credit" the debtor obtains through fraud. Cohen* at_____. (Emphasis added).

The *Cohen* court was ruling on a matter __after__ the Bankruptcy court had had a trial to determine the allegations of fraud etc. that were in dispute.   The very same issues that Movant wishes to have heard in the New Mexico case will eventually have to be addressed here in this Court if non-dischargeability becomes an issue in this case.

The *Cohen* court also addressed the issue of conflicting decisions by illustrating that differing decisions are not uncommon even within the Bankruptcy court theater.

> *As the Court of Appeals* __recognized, id., at 56, its interpretation of §523(a)(2)(A) is in accord with that of the Eleventh Circuit but in conflict with that of the Ninth Circuit.__ *Compare In re St. Laurent, 991 F.2d 672, 677—681 (CA11 1993), with In re Levy, 951 F.2d 196, 198—199 (CA9 1991).* __Bankruptcy courts have likewise reached differing conclusions on whether §523(a)(2)(A) prevents the discharge in bankruptcy of punitive damages awarded on account of fraud.__ *Compare In re George, 205 B. R. 679, 682 (Bkrtcy. Ct. Conn. 1997) (punitive damages not dischargeable); In re Spicer, 155 B. R. 795, 801 (Bkrtcy. Ct. DC) (same), aff'd, 57 F.3d 1152 (CADC 1995), cert. denied, 516 U.S. 1043 (1996); In re Winters, 159 B. R. 789, 790 (Bkrtcy. Ct. ED Ky. 1993) (same), with In re Bozzano, 173 B R. 990, 997—999 (Bkrtcy. Ct. MDNC 1994) (punitive damages dischargeable); In re Sciscoe, 164 B. R. 86, 89 (Bkrtcy. Ct. SD Ind. 1993) (same); In re Brady, 154 B. R. 82, 85 (Bkrtcy. Ct. WD Mo. 1993) (same).* __We noted the issue without resolving it in Grogan v. Garner, 498 U.S. 279, 282, n. 2 (1991). We granted certiorari to address the conflict in the lower courts, 521 U.S. (1997), and we now affirm.__ *Cohen* at_____. (Emphasis added)

3

Movant's request fails because he has the ability to obtain the relief he wants in his adversary proceeding here in this Court.  It would be excessive harm to Respondent if he had to litigate the same issues in two different proceedings either at separate times or simultaneously.

5.    Movant claims support for his relief that he needs to have Respondent joined in the New Mexico case as an additional real party so that discovery can begin. Movant Motion at Pg-4, Par-13.  Movant has been granted by this court relief to have NEW Energy Co., LLC joined in that matter.  Moreover, Movant has performed extensive discovery at the full cooperation of Respondent and NEW Energy in the past year.  Movant's counsel had one of its colleagues spend over two weeks, with a computer expert going over any document they wished to copy or review.  This is just an attempt to cause additional hardship upon Respondent to supply what Movant already has in its possession.   In addition, Respondent has offered to cooperate with Movant in the New Mexico matter to help them with their prosecution against the already named defendants in that matter.  The principal of ACI, Jim Scott is taking that matter under advisement with his counsel in the New Mexico case and will be getting back to Respondent in the near future.  It would be much better to have Respondent helping Movant in a non-adversary manner.

6.    Movant states in part; *[S]econd, the New Mexico case can be adjudicated in a more timely fashion than Adversary No. 05-02084.* Movant Motion at Pg-7, Par-18.  (Emphasis added).  This does not reconcile with his argument put forth in paragraph 20 on the same page stating in part; *...this Court could properly give collateral estoppel to those elements of fraud that are identical to the elements required for discharge...* Movant Motion at Pg-7, Par-20.  Again, this would result in double litigation for Responded and undue hardship.

4

7.    Movant, in footnote 4 of paragraph 23 at page 8, states that this Court is too burdened to handle this matter because of the increased case load after October 17, 2005.  While there might be an increased case load because of the law change, Responded is not willing to waive or jeopardize his rights accorded him in this Court for the sake of convenience.   In addition, this Court has jurisdiction and is more than capable of handling the matter that is already before it.

Respondent respectfully objects to being taken into a court that is over a thousand miles from his home, to fight a battle that he may not be able to win because he is at a disadvantage up against a well financed legal machine barring him from a remedy at law and then being tagged with a judgment that could prejudice this Court in the final analysis of dischargeability.

Movant already has the capability of a judgment by way of the Unconditional Guarantee executed by Respondent when payment was not made in a timely manner and it appears that Respondent can not challenge that because of the waiver.  See Movant's claim filed with this Court.

## CONCLUSION

Movant argues that the *resulting hardship, expense, and delays to ACI greatly outweigh whatever alleged harm Debtor will sustain should it become necessary to defend the claims of ACI in the New Mexico case rather than in the Adversary No. 05-02084.* Movant Motion at Pg-11, Par-34. (Emphasis added).   Respondent has demonstrated herein that the aforementioned statement does not hold and the greater harm would be to Respondent by a long measure to the extent he may not ever be able to recover from.   Respondent vehemently denies any fraud perpetrated by him, there have been no findings of same in this Court and Respondent wants his

5

day in court, and that it be in this Court.  Movant's arguments for request for relief from stay are nothing more than an attempt to put Respondent at a disadvantage and should be denied.

WHEREFORE, Respondent prays that Movant's motion be denied, that this matter be set for hearing and for such other and further relief as the Court deems meet in the premises.

Dated this _13th_ th day April, 2006

Respectfully submitted,

Edward L. Presley, *Pro Se*
Respondent

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2006, I served the **OBJECTION TO MOTION OF APPLIED CAPITAL, INC FOR PERMISSIVE ABSTENTION AND FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR HEARING** upon Movant Applied Capital, Inc. and members of the Committee of Unsecured Creditors and other parties in interest by depositing true and correct copies of the same in the United States Mail, postage prepaid, and addressed to:

**Committee of Unsecured Creditors:**

Applied Capital, Inc.
c/o Donn J. McCall
Brown, Drew & Massey, LLP
Ohio Oil Building
Suite 200, 159 North Wolcott Street
Casper, Wyoming 82601

Dan McLaren
c/o Stewart R. Wilson
Wilson and Barrows, Ltd.
442 Court Street
Elko, Nevada 89801

Western Energy Partners, LLC
c/o Thomas H. Keyse
Block Markus & Williams LLC
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203

7

United States Trustee

Michele R. Hankins
Office of the United States Trustee
308 West 21st Street
Room 203
Cheyenne, Wyoming 82001

Dated this 13th day of April, 2006.

_____
Edward L. Presley, Pro Se

**EXHIBIT-E**

FILED
UNITED STATES BANKRUPTCY COURT
DISTRICT OF WYOMING
2:50 pm, 5/4/06
Joyce W. Harris
Clerk of Court

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF WYOMING

### Minutes of Proceedings

Date: May 4, 2006        Time: *9:20 aa*  To: *10:10 aa*  Location: Telephone

In re Presley,
    Case No.  04-22389
    Chapter 11

*# 79*

---

**Presiding:** Peter J. McNiff
    *U.S. Bankruptcy Judge*
**Appearances:**

**Proceedings Electronically Recorded**
For copy of recording contact Bankruptcy Clerk's Office at 307-433-2200

| | |
|---|---|
| Trustee: | Counsel: |
| Debtor(s): pro se | Counsel: |
| Creditor: | Counsel:  Donn McCall |
| Creditor: | Counsel: |
| U.S. Trustee: | Counsel: |

---

**Proceedings:** Hearing on Motion for Abstention filed by Applied Capital

Witnesses Sworn:

Positions of the Parties: *McCall seeking abstention of litigation in 05-2084 in favor of liquidating claim in USDC in N.M. civil action all elements met under 28 USC § 1334(c)(1). wishes of apportioned damages + liability, attorney.*

*Presley: Prefers to participate w/ movant against the other - not so as adversary - default is inevitable - this from letter for Debtor.*

Ruling:
- [✓] Relief sought:    [✓] Granted    [ ] Denied
- [ ] Objection:    [ ] Sustained    [ ] Overruled
- [ ] Matter taken under advisement
- [ ] Oral findings and conclusions made of record
- [ ] Formal order or Judgment to enter        [ ] To be prepared by *McCall*
- [ ] These minutes constitute the court's official order in this matter

Ruling: *Presumably when NM litigation completes parties could return to this court to determine dischargability - Ch 11 16 mos old, no plan + no sale*

*better to litigate where all parties are joined + state law claims    No waiver of 10 day stay after entry of order*

Date: *5-4-06*

FOR THE COURT:
Joyce W. Harris, Clerk

By *Bonnie James*
    *Deputy Clerk*

FILED

UNITED STATES BANKRUPTCY COURT

DISTRICT OF WYOMING

2:50 pm, 5/4/06

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF WYOMING

## Minutes of Proceedings

Date: May 4, 2006     Time: 9:30am  To: 10:10am  Location: Telephone

Joyce W. Harris
Clerk of Court

In re Presley,
    Case No. 04-22389
    Chapter 11

#80

---

**Presiding:** Peter J. McNiff
    *U.S. Bankruptcy Judge*

**Proceedings Electronically Recorded**
For copy of recording contact Bankruptcy Clerk's Office at 307-433-2200

**Appearances:**

| | |
|---|---|
| Trustee: | Counsel: |
| Debtor(s):  pro se | Counsel: |
| Creditor: | Counsel:  Donn McCall |
| Creditor: | Counsel: |
| U.S. Trustee: | Counsel: |

---

**Proceedings:** Preliminary hearing on Motion for Relief from Stay filed by Applied Capital

Witnesses Sworn:

Positions of the Parties: *McCall - AC seeking relief to join Mr. Presley as a def. in USDCt in N.M. civil case - N.M. case pending since Jan '05 - that court set a deadline to join Mr. Presley + others - alleging fraud - all 4 factors under § 362(d) met Presley: mere allegations - New Energy already a party - guarantor only - frivolous lease*

---

**Ruling:**

[✓] Relief sought:     [✓] Granted       [ ] Denied
[ ] Objection:        [ ] Sustained     [ ] Overruled
[ ] Matter taken under advisement
[ ] Oral findings and conclusions made of record
[ ] Formal order or Judgment to enter        [ ] To be prepared by *McCall*
[ ] These minutes constitute the court's official order in this matter

**Ruling:** *Case is 1½ yrs old without a plan + no sale yet - delay prejudicial to creditor. State law claims better litigated in N.M. with all parties joined*

*No enforcement action of any jdgt w/out further order of the court*

*No waiver of 10 day stay after judgment*

Date: *5-4-06*

FOR THE COURT:
Joyce W. Harris, Clerk

By *Susan Harman*
Deputy Clerk

**<u>EXHIBIT-F</u>**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EDWARD L. PRESLEY, | ) | Case No. 04-22389 |
| SSN XXX-XX-9803, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| APPLIED CAPITAL, INC., a New | ) | |
| Mexico corporation, | ) | |
| | ) | Adversary No. 05-2084 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD L. PRESLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FILED

#84

10:17 am. 5/22/06

Joyce W. Harris
Clerk of Court

## ORDER ABSTAINING FROM HEARING ADVERSARY PROCEEDING NO. 05-2084 AND GRANTING APPLIED CAPITAL, INC. RELIEF FROM AUTOMATIC STAY

THIS MATTER came before the Court on May 4, 2006, pursuant to previous notice and setting, for joint hearings on the Motion of Applied Capital, Inc. for Permissive Abstention and for Relief from Automatic Stay (the "joint motion"), originally served and filed by Applied Capital, Inc. ("ACI") in the above-captioned base chapter 11 case on December 28, 2005, and the objection filed by Debtor and Debtor in Possession, Edward L. Presley ("Debtor"), to the joint motion. The following appearances were made on behalf of the parties who participated in the joint hearings:   Donn J.

McCall, of Brown, Drew & Massey, LLP, Casper, Wyoming, as counsel for ACI; and

Debtor, Edward L. Presley, *pro se* on his own behalf.

In the joint motion, ACI is seeking two types of relief from the Court.

First, ACI requests the Court to modify the automatic stay in effect in the base chapter 11

case so as to permit it to join Debtor as a defendant in a certain lawsuit that is pending in

the United States District Court for the District of New Mexico.   Second, ACI asks the

Court to abstain from hearing an adversary proceeding it has filed against Debtor within

the base case so that it may proceed to litigate its claims against Debtor and the other

non-debtor parties in the New Mexico litigation to conclusion.   Since the joint motion

makes two requests for relief that are subject to disposition under different rules of pro-

cedure, the Court, in separate orders entered on April 18, 2006 and April 24, 2006, re-

spectively, noticed a non-evidentiary preliminary hearing on ACI's motion for relief from

the automatic stay and a non-evidentiary hearing on ACI's motion for permissive absten-

tion for consideration in one consolidated setting.[1]

The Court having considered the joint motion and the objection of Debtor

to the relief requested in the joint motion, together with the statements made by ACI's

counsel and by Debtor at the joint hearings thereon, and being in all respects fully in-

formed and advised in the premises, and it appearing that good and sufficient notice of

the joint motion of ACI for permissive abstention and for relief from the automatic stay

---

[1]    While ACI has filed, in effect, a combined motion seeking two types of relief, there is no rule that
prohibits consolidation of the two requests for hearing and disposition.   In this instance, the mo-
tion for relief from the automatic stay has been properly filed, and is being considered, in the base
bankruptcy case, while the motion for permissive abstention, though filed in the base case, also re-
lates to, and should be part of the record of, the adversary proceeding.   Accordingly, for clarity of
the record, the Clerk of Court should docket this Order in both the base bankruptcy case and the
adversary proceeding dockets.

and of the time to object to the relief requested in the joint motion was served on Debtor,

the Committee of Unsecured Creditors, the United States Trustee, and all other parties in

interest, and it further appearing that except for Debtor, no other party served with notice

or otherwise entitled to participate in the determination of the joint motion has objected to

such motion or requested a hearing thereon, the Court hereby finds that on December 13,

2004 (the "petition date"), Debtor commenced the base bankruptcy case by filing a volun-

tary petition for reorganization under chapter 11 of Title 11, United States Code; that ACI

has commenced an adversary proceeding against Debtor within the base bankruptcy case

by filing a Complaint to Determine Dischargeability of Debt in *Applied Capital, Inc. v.*

*Edward L. Presley (In re Presley)*, Adversary No. 05-2084 ("Adversary No. 05-2084");

that the complaint filed in the Adversary No. 05-2084 seeks this Court's determination

that the liability of Debtor to ACI arising from certain alleged fraudulent misrepresenta-

tions and other misconduct of Debtor prior to the petition date is not dischargeable under

11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), respectively; that after the petition

date, ACI commenced a civil action against several non-debtor parties in the United

States District Court for the District of New Mexico by filing a Verified Complaint for

Fraud, Negligent Misrepresentation, Unjust Enrichment, Violation of the New Mexico

Unfair Trade Practices Act, and Civil Conspiracy in *Applied Capital, Inc. v. Francis Gib-*

*son, Gary Bellinger, Brian Ambrose, Kirk Voyles, Heritage Commercial Services, Inc.,*

*and Grizzly Drilling, Inc.*, Case No. 05 CV 00098 JOB/ACT (the "New Mexico case");

that the verified complaint filed in the New Mexico case alleges, *inter alia*, that about

seven months prior to the petition date, Debtor and New Energy Co., LLC ("New En-

ergy"), a Wyoming limited liability company in which Debtor is the controlling member

-3-

and operating manager, were part of a conspiracy with the non-debtor parties who have

been joined as defendants in the New Mexico case, to defraud ACI out of $550,000.00 in

a transaction to fund the purchase of a fictional drilling rig that Debtor and certain of the

defendants knew did not exist; that Debtor was not joined as a defendant upon com-

mencement of the New Mexico case because that case was filed after the petition date,

and ACI was enjoined by the automatic stay from continuing or commencing any judicial

action against Debtor that was, or could have been, commenced before the petition date;

that the allegations in ACI's complaint in Adversary No. 05-2084, including those factual

allegations regarding Debtor's fraudulent misrepresentations and other misconduct, are

similar or identical to the allegations that ACI has made in the New Mexico case and

arise out of the same common nucleus of facts; that under 28 U.S.C. § 1334(c)(1), the

Court has discretionary power to abstain from hearing a particular proceeding arising un-

der Title 11 or arising in or related to a case under Title 11 in the interest of justice, or in

the interest of comity with state courts or respect for state law; that after giving due con-

sideration to the relevant factors identified by ACI in the motion for permissive absten-

tion and at the hearing thereon, abstention from hearing Adversary No. 05-2084 until the

New Mexico case is litigated to conclusion is in the interests of justice, comity, and re-

spect for state law; and further that the circumstances identified by ACI in the motion for

relief from stay and at the preliminary hearing thereon demonstrate the existence of cause

for modifying the automatic stay to permit ACI to join Debtor as a defendant in the New

Mexico case and to litigate its claims against Debtor and the other non-debtor parties in

that case to conclusion; and counsel for ACI having made an oral motion at the joint

hearings in this matter that the Court order the waiver of the ten-day stay of implementa-

-4-

tion of the decretal of this Order granting ACI relief from the automatic stay,[2] and after

giving due consideration to the reasons articulated by ACI's counsel in support of the oral

motion and the objections raised by Debtor to such motion, the Court further finds that in

the circumstances presented, there does not exist a compelling reason justifying the

waiver the ten-day stay of the implementation of the decretal of this Order granting ACI

relief from the automatic stay, it is, therefore,

ORDERED that the joint motion of Applied Capital, Inc. for permissive

abstention and for relief from the automatic stay be, and the same hereby is, granted; and,

it is further

ORDERED that the Court shall abstain from hearing Adversary No. 05-

2084 until the New Mexico case is litigated to conclusion, at which time it will be appro-

priate for the Court to hear Adversary No. 05-2084 and make a determination of the ex-

tent that any judgment entered in the New Mexico case will be excepted from discharge

under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and/or 523(a)(6); and, it is further

ORDERED that the automatic stay afforded by 11 U.S.C. § 362 be, and it

hereby is, modified to allow Movant, Applied Capital, Inc., to join Debtor as a defendant

in the New Mexico case that is pending in the United States District Court for the District

of New Mexico and to litigate its claims against Debtor and the other non-debtor parties

in that case to conclusion; provided, however, that Movant, Applied Capital, Inc., shall

not take any action in that forum to enforce any judgment that may be entered against

Debtor on the verified complaint or to otherwise enforce any such judgment against

---

[1]    Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides that "[a]n order granting a
motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until
the expiration of 10 days after the entry of the order, unless the court orders otherwise."

Debtor or property of the estate without a final decision of the Court on the merits of the complaint of Movant, Applied Capital, Inc., in Adversary No. 05-2084, or as the Court may otherwise order in this case; and, it is further

ORDERED that the oral motion made by Applied Capital, Inc. at the joint hearings that the Court order the waiver of the ten-day stay of implementation of the decretal of this Order granting it relief from the automatic stay be, and the same hereby is, denied.

DATED this _19_ day of May, 2006.

BY THE COURT:

Peter J. McNiff
United States Bankruptcy Judge

Service to:

Edward L. Presley
Donn J. McCall
Michelle R. Hankins